**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Ste 850
Irvine , CA 92612
Tel: (949) 825-5200
Fax: (949) 313-5001
Email: cameron@sehatlaw.com

Attorney for Plaintiff, Rolyn Howard

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROLYN HOWARD, an individual**,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES, a government entity; JEFFREY TREAT, an individual; ABEL TORRES, an individual; Officer LONG, an individual; Officer LY, an individual; Officer WHITE, an individual; Officer FLORES, an individual; Officer MARIN, an individual; Officer NAMBU, an individual; and Sgt. PORTILLO , an individual,  and DOES 1-10, inclusive.**<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Unreasonable Search and Seizure- Excessive Force (42 U.S.C. § 1983)**<br><br>2. **Unreasonable Search and Seizure-Wrongful Detention and Arrest (42 U.S.C. § 1983)**<br><br>3. **Municipal Liability for Unconstitutional Custom, Policy & Practice- Monell (42 U.S.C. § 1983**<br><br>4. **Failure to train (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rolyn Howard, upon information and belief, allege the following:

## <u>INTRODUCTION</u>

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the April 6, 2014 encounter between defendants LAXPD officers JEFFREY TREAT, ABEL TORRES, officer LONG, Officer LY, Officer

WHITE, Officer FLORES, Officer MARIN, Officer NAMBU and Sgt PORTILLO and Plaintiff ROLYN HOWARD.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. §1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts, as the plaintiff's federal questions claims, this Court has subject matter jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

## PLAINTIFF

5. Plaintiff, ROLYN HOWARD, at all relevant times was a resident of Los Angeles, California.

## DEFENDANTS

6. Each named defendant is a natural person except for defendant City of Los Angeles ("Los Angeles"), which is, and at all times herein mentioned was, an incorporated city and political subdivision of the State of California, duly organized and existing under the laws of the State of California.

7. Defendant Officer Jeffrey Treat (Serial No.38715), hereinafter referred to as "TREAT", was a Police Officer "I" employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

8. Defendant Officer Abel Torres (Serial No.39623), hereinafter referred to as "TORRES", was a Police Officer "I" employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

9. Defendant Officer Long (Serial No.08895), hereinafter referred to as "LONG", was a Police Officer, classification unknown, and employed by defendant

1

CITY OF LOS ANGELES at all times herein mentioned.

10.     Defendant Officer Ly (Serial No. 12003), hereinafter referred to as "LY", was a Police Officer, classification unknown, and employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

11.     Defendant Officer White (Serial No. 10965), hereinafter referred to as "WHITE", was a Police Officer, classification unknown, and employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

12.     Defendant Officer Flores (Serial No. 13009), hereinafter referred to as "FLORES", was a Police Officer, classification unknown, and employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

13.     Defendant Officer Marin (Serial No. 41210), hereinafter referred to as "MARIN", was a Police Officer, classification unknown, and employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

14.     Defendant Sergeant Portillo (Serial No. 84170), hereinafter referred to as "PORTILLO", was a Police Officer, ranked as a sergeant, and employed by defendant CITY OF LOS ANGELES at all times herein mentioned.

15.     Defendant Officer Nambu (Serial No. 27426), hereinafter referred to as "NAMBU", was a Police Officer, classification unknown, an employed by defendant CITY OF LOS ANGELES at all times herein mentioned

16.     Plaintiff is unaware of the true identities and capacities of defendants DOES 1 through 10 but upon information and belief, said DOES are employees of the City of Los Angeles, inclusive. Each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named defendants when they are determined.

17.     At all relevant times, Defendants TREAT, TORRES, and DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of his respective duties as

2

Police Officers and with the complete authority and ratification of his principal, Defendant CITY.  Defendants TREAT and TORRES are sued in his individual capacities.

18.   At all times relevant, Defendants TREAT, TORRES and DOE SUPERVISORS were duly appointment officers and/or employment.

19.   Each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant.  At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein. Each defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

20.   At all times relevant to this Complaint, each defendant acted under the color of state law.

21.   Each of the individual defendants was in some way responsible for the constitutional violations alleged in this complaint.

22.   In committing the acts alleged in this complaint defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional rights of Plaintiff' Decedent justifying an award of punitive damages under federal and California law against each individual defendant.

**FACTUAL ALLEGATIONS**

23.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.   On April 6, 2014, Defendants TREAT and TORRES from the Los Angeles Police Department (LAPD) attended to a routine radio call at Avis Car

3

Rental, located at 9217 Airport Blvd, Los Angeles, CA 90045. Defendants from Los Angeles Airport Police Department (LAXPD) had previously been summoned to the scene. The radio call was concerning a "patron refusing to leave a business".

25. The nature of the call and as alleged subsequently in defendant's recommendation for prosecution, was M 602.1(A) -intimidating a business which plaintiff was the subject thereof.

26. However, Plaintiff was on the premise because he was reporting to work. Plaintiff was never informed of any changes of his employment on or before April 6, 2014.

27. In fact, on April 1st, 2014 Plaintiff provided his employer with a notice of a temporary leave of absence in order to train and compete in a fitness competition.

28. Plaintiff was not formally terminated from his employment until May 14, 2014 by his employer, Andrews International, which provided security services for Avis' rental car; this formal notification was not made until after the subject incident took place.

29. When Defendants Officer Treat and Officer Lopez arrived, they witnessed LAXPD Officers speaking with Plaintiff in a calming manner as Plaintiff had been complying the entire time.

30. LAXPD defendants instructed Plaintiff to turn around and put his hands behind his back. Plaintiff complied and at all times was cooperative with the defendants' orders.

31. After Plaintiff 's pat down, he was ordered to sit down so the officer could continue to question Plaintiff. However, shortly after Plaintiff had complied, all nine (9) defendants began surrounding Plaintiff in a posture of hostility and aggression. As evidenced from the surveillance video footage capturing the incident, the surrounding officers were getting ready to tase Plaintiff, almost in an "execution style engagement". However, based on the video and per Plaintiff's account, he was

4

clearly compliant which questions the motives of the officers, whether they were racially motivated or not, when they engaged in the unnecessary use of force and use of taser; Contrary to what the video depicts, defendants fabricated their own version of what took place, claiming that plaintiff had become combative and resisting arrest. The taser had been administered for twenty seconds during four different sessions.

32.    Plaintiff was heard screaming "I don't want to die" while being tased. Additionally a witness at the scene overheard Defendant TREAT state "In ten years I have not used the taser", in an excited manner. Plaintiff was then slammed onto the ground, striking his head on the floor in the process.

33.    On or about February 3 through February 8, 2015, plaintiff underwent a criminal trial for PC 148-resisting arrest whereby he was acquitted of all charges by a jury of his peers. It is further noteworthy that no criminal charges pertaining to intimidation of a business per PC 602.1(A) were ever filed against him.

34.    Plaintiff suffered multiple injuries including but not limited to, lacerations, contusions, concussion, severe nerve damage, cervical spondylosis with myelopathy, upper extremity numbness, lower extremity numbness, memory problems which are determined to be permanent. Furthermore, Plaintiff suffered acute pain in shoulders, neck, and back which Plaintiff still suffers to date. Plaintiff's injuries may require that he undergoes surgery at a future date. Plaintiff, to date, has been placed on medical disability as a result of his injuries.

**COUNT ONE**
**Unreasonable Search and Seizure- Excessive Force**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

35.    Plaintiff repeat and re-allege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.    The unjustified detention of Plaintiff by all Defendants, the subsequent

5

unjustified use of excessive force by defendants, and DOES 1-10, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff  under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.   The actions of Defendants and DOES 1-10 deprived Plaintiff of  his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

38.   Defendants resorted to excessive force without any justification while Plaintiff, at all times, was complying with Defendants orders.

39.   During the entire encounter described above, Plaintiff was not armed and, Plaintiff did not verbally threaten or aggressively walk toward Defendants.

40.   In fact, an Avis employee, Cheryl Chu, had observed and made statements corroborating Plaintiff's pacifist and cooperated demeanor prior to being assaulted by the defendants.

41.   During the entire encounter described above,  Plaintiff did not verbally threaten or otherwise attempt to punch, or fight any of the Defendants.  Neither did Plaintiff raise his arms, make any fists nor assume the posture of someone who is about to initiate a fight.

42.   Plaintiff at all times under the belief that he was to report to work on April 6, 2014.  Plaintiff was on the property because it was a scheduled work day.

43.   As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

44.   The conduct of Defendants and DOES 1-10 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants and DOES 1-10.

45.   Accordingly, Defendants, and DOES 1-10 each are liable to Plaintiffs

6

for compensatory and punitive damages under 42 U.S.C. § 1983.

## COUNT TWO
### Unreasonable Search and Seizure-
### Wrongful Detention and Arrest (42 U.S.C. § 1983)
### (Against all Defendants)

46. Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. Defendants DOES 1-10 detained and arrested Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48. The actions of Defendants and DOES 1-10 deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

49. On April 6, 2014 Defendants made contact with Plaintiff. At the time of the contact, he had been changing clothes in the restrooms of the establishment. Although, the owners of security company had made claims he was disturbing the peace, independent witness accounts show that Plaintiff had not caused any trouble nor was disruptive to anyone nor the business. When Defendants first encountered Plaintiff, Plaintiff did not pose a threat to any officers, nor did the Defendants see Plaintiff in possession of any illegal objects, contraband, or weapons.

50. The defendants knew at the point in time that no probable cause existed to arrest Plaintiff for disturbing the peace had they engaged in basic due diligence and interviewed the witnesses at the business who would have disaffirmed claims that plaintiff was disruptive to the business. The lack of probable cause should have been further evident to the defendants by virtue of Plaintiff's peaceful and cooperative demeanor.

51. However, defendants, specifically TREAT and TORRES had already

7

concocted a ill conceived plan to engage Plaintiff with force, having previously discussed tactics such as who was going to be "cover" and which of the two would act as the "contact" officer. Defendant TREAT appeared to also have been predisposed to try out his Taser unit for the first time on the Plaintiff as evidenced by the excited utterance made subsequent to the incident indicating an exhilarating enjoyment from using the same.

52. As a result of the conduct of all defendants and DOES 1-10, are liable for Plaintiff 's injuries, either because they were integral participants in wrongful detention and arrest, or because they both failed to intervene to prevent these violations.

53. The conduct of Defendants and DOES 1-10 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants and DOES 1-10.

54. Accordingly, Defendants TREAT , TORRES, and DOES 1-10 each are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

**COUNT THREE**
**Municipal Liability for Unconstitutional Custom,**
**Policy & Practice- Monell (42 U.S.C. § 1983**
**(Against defendant City of Los Angeles)**

55. Plaintiff hereby repeat, re-state, and incorporate each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. On and for some time prior to April 6, 2014 (and continuing to the present date) Defendants City and Officers deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and his supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general,

8

of Plaintiffs, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized City custom, policy, and practice of:

(a)   Employing and retaining as Police Officers and other personnel, including Defendants DOES 1-10, who Defendants City and Doe Supervisors at all times material herein knew or reasonably should have known  had dangerous propensities for abusing his authority and for mistreating citizens by failing to follow written City Police Department policies and for using excessive force;

(b)   Of inadequately supervising, training, controlling, assigning, and disciplining City Police Officers , and other City personnel, including Defendants, and DOES 1-10, who Defendants City and Doe Supervisors each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants and DOES 1-10, who are CITY Police Officers;

(d)   By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by City and Doe Supervisors were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

57.   Defendants City and Doe Supervisors, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

58.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants City and Doe Supervisors acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and his constitutional as well as human rights.  Defendants City and Doe Supervisors and each of his actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

59.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants City and Doe Supervisors were affirmatively linked to and were a significantly influential force behind the Plaintiffs' injuries.

60.   Accordingly, Defendants City and Doe Supervisors each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

**COUNT FOUR**
**Failure to train (42 U.S.C. § 1983)**
**(Against Defendants City of Los Angeles)**

61.   Plaintiff hereby repeat, re-state, and incorporate  each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein

62.   Defendants City and Doe Supervisors possessed the power and authority to hire and fire employees of  the City Police Department and based upon information and belief and negligently hired defendants and Does 1 thought 10 as police officers,  entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on  property to be arrested.

63.   By virtue of the foregoing, defendants owed Plaintiff a duty of due care, and that duty was breached by defendants' negligent and careless  manner in hiring, training, supervising and retaining by, among other things:

a.   Failing to adequately train its officers in the use of force,  as well as

10

constitutional limitations in the use of force;

  b.   Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not;

  c.   Failing to adequately investigate background, training and experience as a officer and his propensity for violence;

  d.   Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

  e.   Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers;

  f.   Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers;

  g.   Failing to discipline its officers who use excessive and unreasonable force; and

  h.   Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

64.   Defendant City was deliberately indifferent as to its obvious consequences of its failure to train DOE 1-10 adequately.

65.   By reason of the aforementioned policies and practices, namely the failure to train DOES 1 through 10  by Defendants City, plaintiff was injured in his health, strength and activity, and sustained great injuries and damage as described elsewhere herein.

66.   As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request entry of judgment in his favor and against Defendants as follows:

11

a. For compensatory damages, including pain and suffering and for the deprivation of civil rights under federal and state law, and interest, in an amount no less than $2,000,000;

b. For punitive damages against individual defendants in an amount to be proven at trial;

c. For funeral and burial expenses to be determined according to proof at trial;

d. For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

d. For such further relief as the Court may deem just, proper, and appropriate.

Dated: April 6, 2016                    SEHAT LAW FIRM, PLC

                                        By:_____
                                            Cameron Sehat, Esq.
                                            Attorney for Plaintiff

12

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demand a trial by jury.

Dated: April 6, 2016

SEHAT LAW FIRM, PLC

By:_____

Cameron Sehat, Esq.
Attorney for Plaintiff

13